UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-60325-RAR

**UNITED STATES OF AMERICA,**

v.

**JAMES ADOLPHUS BUCHANAN,**

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE

**THIS CAUSE** comes before the Court upon *pro se* Defendant James Adolphus Buchanan's Motion for Early Release [ECF No. 26] ("Motion"), filed on January 25, 2021. Having considered the Motion, the Government's Response in Opposition ("Response") [ECF No. 31], and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant James Adolphus Buchanan's Motion [ECF No. 26] is **DENIED** as set forth herein.

## BACKGROUND

On December 17, 2015, a federal grand jury returned an indictment charging Defendant with illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). [ECF No. 1]. On March 11, 2016, Defendant pleaded guilty to the indictment. [ECF No. 17]. On May 20, 2016, he was sentenced to 41 months' imprisonment, followed by a one-year term of supervised release. [ECF No. 24]. On January 25, 2021, he filed the instant Motion seeking compassionate release due to the COVID-19 pandemic. *See generally* Mot. Specifically, Joseph requests that the Court "release [him] on home confinment [sic]" due to "complications with his health"—

specifically "diabetis [sic], high blood and kidney disease" and the fact that he has "found out that the coronavirus is in [his] facility." Mot. at 1.

## ANALYSIS

The First Step Act amended § 3582(c)(1)(A) to permit a defendant to seek compassionate release after exhausting administrative remedies within the Bureau of Prisons ("BOP"). *See* First Step Act of 2018, § 603(b). To grant a motion for compassionate release, a court must consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and must make a finding that the defendant is not a danger to the safety of any other person in the community. U.S.S.G. § 1B1.13. In addition, the Court must find "extraordinary and compelling circumstances," and in doing so, must fashion a reduction in sentence that is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Milner*, 461 F. Supp. 3d 1328, 1331 (M.D. Ga. 2020) (explaining that section 3582(c)(1)(A) "sets out two requirements for a defendant to be entitled to relief: exhaustion of administrative remedies and extraordinary and compelling reasons warranting a sentence reduction.").

### I. *Defendant has not exhausted his administrative remedies.*

As set forth in section 3582(c)(1)(A), a court "may not modify a term of imprisonment" until the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Here, it does not appear that Defendant has requested that the Warden of his

facility—CI Great Plains[1]—consider a request for compassionate release or a reduction in sentence. Thus, given Defendant's failure to fully exhaust administrative remedies, his Motion warrants denial.

Further, as explained below, Defendant has not demonstrated that he has a particularly severe medical condition that puts him at a high risk of severe illness or death from contracting COVID-19. Therefore, he has not shown that the administrative exhaustion requirement would result in undue prejudice and makes no claim that utilization of the administrative process would be futile or incapable of providing adequate relief.[2]

### *II. Defendant has failed to present extraordinary and compelling reasons for release.*

Even if Defendant were to have exhausted his administrative remedies, he nevertheless fails to present "extraordinary and compelling reasons" to warrant compassionate release "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission promulgated its policy statement regarding "extraordinary and compelling circumstances" in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a

---

[1] CI Great Plains is a contracted correctional institution operated by the GEO Group, Inc., a private corporation. *See* BOP Locations, *available at* https://www.bop.gov/locations/ci/gpc/ (last accessed Feb. 22, 2020).

[2] "Regarding the First Step Act, courts around the country are divided about whether they can excuse its exhaustion requirement." *United States v. Parker*, No. 03-CR-20859, 2020 WL 6527916, at *3 (S.D. Fla. Aug. 27, 2020) (collecting cases), *report and recommendation adopted*, 2020 WL 6516193 (S.D. Fla. Nov. 5, 2020). Indeed, this Court has previously "recognize[d] that administrative exhaustion *may* be unnecessary where the administrative process would be incapable of granting adequate relief[,] . . . [such as] where pursuing administrative review would generate undue prejudice due to an unreasonable or indefinite timeframe for administrative     action . . . [or] where it would be futile." *United States v. Gallagher*, 473 F. Supp. 3d 1362, 1367 (S.D. Fla. Apr. 24, 2020) (emphasis added) (citing *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992)). However, the Court need not make a definitive determination as to whether the administrative exhaustion requirement is absolute here. Defendant has not met those conditions under which the requirement could be waived, nor has he presented extraordinary and compelling reasons for release, as explained herein.

serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. U.S.S.G. § 1B1.13, cmt. n.1.

To qualify as "extraordinary and compelling," an inmate's medical condition must be, in relevant part, "serious and advanced . . . with an end of life trajectory" or serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1.[3] "A compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (internal quotation and alteration omitted). "In seeking a reduced sentence under this framework, the defendant bears the burden of establishing that compassionate release is warranted." *Id.* (internal quotation omitted).

Here, Defendant has advanced no medical records nor evidence demonstrating that he has a terminal illness or urgent medical condition warranting compassionate release under section 3582(c)(1)(A)(i). Defendant's alleged health conditions—diabetes, high blood pressure, and kidney disease—appear to be well-managed conditions that do not constitute grounds for compassionate release due to the COVID-19 pandemic.[4] *See, e.g, United States v. Thomas*, No. 9:10-cr-423-T-33AAS, 2020 WL 5407711, at *3 (M.D. Fla. Sept. 9, 2020) ("Although the Court is sympathetic to [Defendant's] numerous underlying health conditions, including diabetes, high-

---

[3] The mere existence of the COVID-19 pandemic, which poses a general threat to every nonimmune person in the country, does not fall into either of those categories and therefore cannot alone provide a basis for a sentence reduction. Instead, "[s]ince the onset of the pandemic in the United States, some courts have found that the outbreak of COVID-19, together with a diagnosed medical condition that puts an inmate at high risk of contracting and suffering an adverse outcome, is an important factor in the extraordinary and compelling inquiry." *United States v. Gamboa*, 467 F. Supp. 3d 1092, 1101 (D. N.M. 2020) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 405-06 (E.D. Pa Apr. 1, 2020)).

blood pressure, and cardiovascular problems, . . . he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility."); *United States v. Saxon*, No. CR 112-119, 2020 WL 2617131, at *2 (S.D. Ga. May 22, 2020) (denying compassionate release to defendant who suffered from congestive heart failure, high blood pressure, and bronchitis because defendant presented no medical evidence showing he met the criteria in U.S.S.G. § 1B1.13); *Rodriguez-Orejuela*, 457 F. Supp. 3d at 1282 (finding that defendant with heart problems and skin and colon cancer, among other conditions, had not established extraordinary and compelling reasons warranting compassionate release). Thus, Defendant has not shown that he is uniquely susceptible to contracting COVID-19 and risking serious illness.

Further, while the Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the serious health risks it presents, Defendant is not entitled to a modification of his sentence based solely on generalized COVID-19 fears and speculation. *See United States v. Benitez*, No. 8:01-cr-283, 2021 WL 424346, at *4 (M.D. Fla. Feb. 8, 2021) ("This Circuit and others have held that general concerns about possible exposure to COVID-19 do not alone meet the criteria for an extraordinary and compelling reason under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13, cmt. n. 1.") (collecting cases). Thus, Defendant's generalized concern that he has "found out that the coronavirus is in [his] facility" is unavailing. Mot. at 1.[5]

Lastly, "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. [section] 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (alterations added); *see also United States v. Monaco*, 826 F. App'x

---

[5] Given that CI Great Plains is operated by a private corporation, the Court is unable to ascertain the number of actual COVID-19 cases in Defendant's facility—if any. *See* BOP COVID-19 Cases, *available at* https://www.bop.gov/coronavirus/ (last accessed Feb. 9, 2020). Nonetheless, the generalized fears averred in his Motion are insufficient.

626, 629 (11th Cir. 2020) (explaining that if there are "'extraordinary and compelling reasons' for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable section 3553(a) factors."). Indeed, section 3582 requires that a court contemplating a sentence reduction consider "the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(1)(A) (alteration added).

Here, Buchanan has served just over two and a half years of his 41-month sentence, which constitutes approximately 75% of his term of imprisonment. The Court agrees with the Government that a reduction in sentence would not reflect the seriousness of Defendant's offense nor afford adequate deterrence. *See* Resp. at 17. Granting Defendant compassionate release would be inconsistent with the section 3553(a) factors and the need for the sentence imposed to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; and (5) protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a).

Specifically, Defendant's personal history weighs strongly against a reduction in sentence. The record reflects that prior to Defendant's incarceration on the underlying offense, he was no novice to the criminal justice system; instead, the record reflects seven prior convictions, including unlawfully carrying a weapon, possession of a firearm, and conspiracy to import marijuana. Presentence Investigation Report [ECF No. 22] at ¶¶ 21, 25-26. Notably, having been previously convicted of an aggravating felony, he received a 16-level enhancement in the instant case. *Id.* at ¶ 11. Thus, the Court cannot find that Defendant would not pose a threat to any other person or to the community if released, and a reduction of Defendant's sentence would fail to reflect the seriousness of Defendant's offense, provide just punishment for that offense, provide adequate

specific or general deterrence, or protect the public from further crimes. Consequently, the section 3553(a) factors simply do not favor a reduction of Defendant's sentence.

Moreover, given that there is an immigration detainer lodged against Defendant—a Jamaican national—he is likely to spend a period of time in the custody of United States Immigration and Customs Enforcement ("ICE") while his immigration issues are resolved, thereby undercutting his basis for early release. *See, e.g., United States v. Prelaj*, No. 16-cr-55-1, 2020 WL 3642029, at *3 (S.D.N.Y. July 6, 2020) (noting that by granting defendant's motion for compassionate release, "the Court would likely be *increasing* his chances of contracting COVID-19, since release from his federal sentence would likely result in [his] transfer to a different, and presumably less healthy, immigration facility due to his immigration detainer.") (emphasis in original; footnote omitted); *United States v. Chavez,* No. 1:95-CR-00361, 2020 WL 2322917, at *2 (S.D. Fla. May 11, 2020) (noting that defendant will be surrendered to the ICE custody upon completion of his term of imprisonment and "very likely will be held in an immigration detention facility . . . [t]he court has been presented with no information to indicate that [defendant] has less of a likelihood of exposure to COVID-19 at an immigration detention facility that at [his current correctional facility], which has had no confirmed case of the disease.").

Additionally, even if Defendant were not removed to Jamaica and somehow permitted to remain in the United States, he has not provided the Court with an appropriate release plan to ensure he has a safe place to live and access to health care during the current pandemic. *See United States v. Allison*, No. CR16-5207RBL, 2020 WL 3077150, at *4 ("Shortening a defendant's sentence where there is no adequate release plan offers no benefit to the health of the inmate and in the process likely further endangers the community into which the defendant is release[d].").

## **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant James Adolphus Buchanan's Motion for Early Release [ECF No. 26] is **DENIED** as set forth herein.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 23rd day of February, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**